**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0001027**
**07-MAY-2014**
**08:38 AM**

NO. CAAP-12-0001027

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

SHIRLEY PICO, AS TRUSTEE, for the SHIRLEY PICO FAMILY TRUST dated
August 31, 2004, and SHIRLEY PICO, in her individual capacity,
Plaintiff-Appellant, v. RAFAEL D. BANIAGA, MANUEL D. TABAQUIN;
INFINITY MORTGAGE, and JOHN DOES 1-100, Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-0576-03)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Foley, Presiding Judge, Fujise and Leonard, JJ.)

Upon review of the record on appeal, it appears that we
do not have jurisdiction over this appeal that Plaintiff-
Appellant Shirley Pico, as Trustee for the Shirley Pico Family
Trust Dated August 31, 2004, and Shirley Pico, in her individual
capacity (Appellant Pico) has asserted from the Honorable Karen
T. Nakasone's February 26, 2013 judgment, because the
February 26, 2013 judgment does not satisfy the requirements for
an appealable final judgment under Hawaii Revised Statutes (HRS)
641-1(a) (1993 & Supp. 2013), Rules 54(b) and 58 of the Hawai'i
Rules of Civil Procedure (HRCP) and the holding in Jenkins v.
Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d
1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to the intermediate court of appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." The Supreme Court of Hawai'i requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008). Furthermore,

> if a judgment purports to be the final judgment in a case involving multiple claims or multiple parties, the judgment (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) must (i) identify the claims for which it is entered, and (ii) dismiss any claims not specifically identified[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (emphases added).

> For example: "Pursuant to the jury verdict entered on (date), judgment in the amount of $_____ is hereby entered in favor of Plaintiff X and against Defendant Y upon counts I through IV of the complaint." A statement that declares "there are no other outstanding claims" is not a judgment. If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so: for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all other claims, counterclaims, and cross-claims are dismissed."

Id. at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphases added). When interpreting the requirements for a judgment under HRCP Rule 58, the Supreme Court of Hawai'i noted that

> [i]f we do not require a judgment that resolves on its face all of the issues in the case, the burden of searching the

> often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis). "[A]n appeal from any judgment will be dismissed as premature if the judgment does not, on its face, either resolve all claims against all parties or contain the finding necessary for certification under HRCP [Rule] 54(b)." Id. (some emphasis added). The finding necessary for certification under HRCP Rule 54(b) is "an express determination that there is no just reason for delay . . . for the entry of judgment" as to one or more but fewer than all claims or parties. HRCP Rule 54(b). Therefore, when a party seeks appellate review of an order that adjudicates one or more but fewer than all of the claims or parties, the "party cannot appeal from [the] circuit court order even though the order may contain [HRCP Rule] 54(b) certification language; the order must be reduced to a judgment and the [HRCP Rule] 54(b) certification language must be contained therein." Oppenheimer v. AIG Hawaii Ins. Co., 77 Hawai'i 88, 93, 881 P.2d 1234, 1239 (1994) (emphases added).

The circuit court has not entered a judgment in this case that satisfies the requirements for appealability. Although the circuit court entered the February 26, 2013 judgment in favor of Defendants-Appellees Manuel T. Tabaquin and Rafael D. Baniaga and against Appellant Pico as to all claims in Appellant Pico's second amended complaint, the February 26, 2013 judgment neither enters judgment on nor dismisses Appellant Pico's claims as to Defendant-Appellee Infinity Mortgage, which remain unresolved.

Although the February 26, 2013 judgment does not resolve all claims against all parties, the February 26, 2013 judgment also does not contain an express finding of no just reason for delay in the entry of judgment as to one or more but fewer than all claims or parties, as HRAP Rule 54(b) requires under the holdings in <u>Jenkins</u> and <u>Oppenheimer v. AIG Hawaii Ins. Co.</u> Accordingly, the February 26, 2013 judgment does <u>not</u> satisfy the requirements for an appealable judgment under HRS § 641-1(a), HRCP Rule 54(b), HRCP Rule 58, and the holdings in <u>Jenkins</u> and <u>Oppenheimer v. AIG Hawaii Ins. Co.</u> Absent an appealable final judgment in this case, Appellant Pico's appeal is premature and we lack appellate jurisdiction over appellate court case number CAAP-12-0001027. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-12-0001027 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 7, 2014.

Presiding Judge

Associate Judge

Associate Judge

-4-